UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>      Plaintiff,<br><br>v.<br><br>GLACIER NORTHWEST, INC.,<br><br>      Defendant. | CASE NO. C07-1530JLR<br><br>ORDER GRANTING MOTION TO INTERVENE |

This matter comes before the court upon a motion to intervene as Plaintiffs filed by Sarah Faulkner and Debbie McMillan (Dkt. # 2). Having reviewed the papers filed in support of and in opposition to the motion, the court GRANTS the motion to intervene.

The Equal Employment Opportunity Commission ("EEOC") brought this action on behalf of Ms. Faulkner and Ms. McMillan ("Applicants"), alleging that Defendant pays its female Cement Terminal Operators less than its male employees for performing substantially similar work in violation of the Equal Pay Act of 1963 ("EPA"). Applicants seek to intervene. In addition to the claim of pay discrimination in violation of the EPA, they assert causes of action for pay discrimination and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 and state law. Compl. of Intervenors 4:10-4:22 (Dkt. # 2:3).

ORDER GRANTING MOTION TO INTERVENE-1

Defendant concedes that Applicants have a right to intervene on the EPA pay discrimination claim. *See* 42 U.S.C. § 2000e-5(f)(1); Fed. R. Civ. P. 24(a)(1); *EEOC v. Goodyear Aerospace Corp.*, 813 F.2d 1539, 1543 (9th Cir. 1987). Defendant opposes allowing the Applicants to assert any additional causes of action. The EEOC has not expressed an opinion on these issues.

Federal Rule of Civil Procedure 24 is liberally construed in favor of applicants for intervention. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). "An applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (examining Fed. R. Civ. P. 24(b)(2)).

There is no serious dispute that Applicants' pay discrimination claims meet all of the requirements for permissive joinder.[1] Defendants contend, however, that Applicants' hostile work environment claims do not share a common question of law or fact with the main action. The court disagrees. The pay discrimination and hostile work environment claims share a common issue of law and fact—namely, Defendant based its improper actions on Applicants' sex. *Compare Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1321 (9th Cir. 1994) ("The EPA prohibits discrimination in wages 'between employees on the basis of sex . . . for equal work, on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.' Each of these components must be substantially equal to state a claim.") (citation omitted) *with EEOC v. Nat'l Educ. Ass'n, Alaska*, (holding that in a hostile work environment claim "[t]he main factual question is whether [Defendant's] treatment of

---

[1] Defendant asserts that the statute of limitations has expired on Applicants' Title VII pay discrimination claim. It does not, however, cite to any relevant dates or facts.

ORDER GRANTING MOTION TO INTERVENE-2

women differed sufficiently in quality and quantity from his treatment of men to support a claim of sex-based discrimination"). The EEOC's complaint specifies that it "seeks monetary and injunctive relief, including back pay and liquidated damages, on behalf of Debra McMillan and Sara[h] Faulkner." Compl. 2. The EEOC's proof about working conditions and Defendant's actions will necessarily overlap with Applicants' proof about differential treatment.

Applicants have met the requirements for intervention as a matter of right as to the EPA claim, and permissive intervention as to their other claims. *See* Fed. R. Civ. P. 24(a)(1), 24(b)(2). The court therefore GRANTS their motion to intervene.

Dated this 22nd day of October, 2007.

_____
JAMES L. ROBART
United States District Judge

ORDER GRANTING MOTION TO INTERVENE-3